## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RANGA KRISHNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N14C-12-227 EMD |
| | ) | |
| ASURA DEVELOPMENT GROUP, | ) | |
| INC., f/k/a/ IA GLOBAL, INC. and | ) | |
| BRIAN HOEKSTRA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Submitted:  December 7, 2017
Decided:  March 24, 2017

*Upon Motion of Defendant Brian Hoekstra for Judgment on the Pleading*
***DENIED***

David L. Finger, Esquire, Finger & Slanina, LLC, Wilmington, Delaware.  *Attorneys for Brian Hoekstra*

David A. White, Esquire, Matthew J. Rifino, McCarter & English, LLP, Wilmington, Delaware. *Attorneys for Ranga Krishna*

**DAVIS, J.**

## I. INTRODUCTION

Before the Court are two separate but identical civil actions for breach of contract and fraud.  In this first civil action, N14C-12-227 EMD, Plaintiff Ranga Krishna filed a Complaint against Defendant Asura Development Group, Inc. for breach of contract and Defendant Brian Hoekstra in his capacity as Chief Executive Officer of Asura Development Group, Inc. for fraud. The second civil action, N14C-09-169 EMD, filed by Plaintiff Xerxes Oshidar, asserts the same causes of action against the same defendants.

Mr. Hoekstra filed a Motion of Defendant Brian Hoekstra for Judgment on the Pleadings in both civil actions (collectively, the "Motions").  In the Motions, Mr. Hoekstra argues that the

fraud claim is barred by the three-year statute of limitations. Mr. Hoekstra also argues that the Complaints fail to state a claim for fraud. Mr. Krishna filed Plaintiff Ranga Krishna's Opposition to Defendant's Motion for Judgment on the Pleadings and Mr. Oshidar filed a Notice of Adoption and Joinder in Plaintiff Ranga Krishna's Opposition to Defendant's Motion for Judgment on the Pleadings (collectively, the "Oppositions").

After reviewing the Motions, the Oppositions, the entire record in this civil action and determining that a hearing does not need to be held, the Court will **DENY** the relief sought in the Motions.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

Mr. Oshidar is an individual and resident of California. Mr. Krishna is an individual and resident of New Jersey. Mr. Oshidar and Mr. Krishna are business colleagues. Asura Development Group, Inc. ("Asura"), formerly known as IAG Global Inc., is a Delaware corporation. Brian Hoekstra is the former Chief Executive Officer ("CEO") of Asura.

Mr. Hoekstra, in his capacity as CEO of Asura, met with Mr. Krishna on multiple occasions concerning the possibility of Mr. Krishna lending money to Asura. During these meetings, Mr. Hoekstra spoke at length about Asura's finances, including Asura's existing capital and debt structure and Asura's ability to repay its debts. Mr. Hoekstra also discussed and provided Mr. Krishna with materials concerning Asura's recent merger with a Japanese company. Specifically, Mr. Hoekstra provided Mr. Krishna with Asura's annual statements and SEC filings, all of which discussed the merger with the Japanese company. Mr. Krishna shared

---

[1] Unless otherwise indicated, the following are the Relevant Facts as alleged in the Amended Complaints. For purposes of the Motions, the Court must view all well-pleaded facts alleged in the Amended Complaints as admitted and in a light most favorable to Mr. Krishna and Mr. Oshidar. *See, e.g., Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993); *see also Warner Commc'ns, Inc. v. Chris–Craft Indus., Inc.*, 583 A.2d 962, 965 (Del. Super.), *aff'd without opinion*, 567 A.2d 419 (Del. 1989).

the financial information with Mr. Oshidar.  Based on the information and statements made to Mr. Krishna by Mr. Hoekstra, Mr. Oshidar expressed an interest in also lending money to Asura.

On February 16, 2011, February 17, 2011, February 22, 2011, and March 24, 2011, Asura and Mr. Hoekstra executed and delivered to Mr. Krishna four separate Subscription Agreements, Term Sheets, and Senior Convertible Promissory Notes (the "Krishna Notes"), each in the amount of $50,000.  Under the terms of the Krishna Notes, Asura would repay the Krishna Notes, plus interest, one year after execution.

On February 18, 2011, Asura and Mr. Hoekstra executed and delivered to Mr. Oshidar a Subscription Agreement, Term Sheet, and Senior Convertible Promissory Note (the "Oshidar Note") in the amount of $250,000.  Under the terms of the Oshidar Note, Asura would repay the Oshidar Note, plus interest, one year after execution.

Asura defaulted on its obligations under the Oshidar Note and the Krishna Notes by failing to remit payment on the maturity date.  Mr. Oshidar and Mr. Krishna allege that Asura's failure to remit payment constitutes a material breach of the Notes.

After Asura defaulted, Mr. Oshidar and Mr. Krishna learned that Asura never finalized the critical merger with the Japanese company.  Additionally, Mr. Oshidar and Mr. Krishna discovered that Mr. Hoekstra's representations concerning Asura's finances and its capital and debt structure were false.  Finally, Mr. Oshidar and Mr. Krishna discovered that the information set forth in the SEC filings, including the information about the merger, were incorrect.

On September 18, 2014, Mr. Krishna filed a Complaint against Asura for breach of its obligations under the Krishna Notes.  Mr. Krishna amended the Complaint on April 17, 2015 to include a fraud claim against Mr. Hoekstra.  Mr. Hoekstra then filed a motion to dismiss, alleging that the Court lacked personal jurisdiction.  The Court granted the motion, but allowed

Mr. Krishna to amend the Complaint to include information about Mr. Hoekstra's role as CEO of Asura. Mr. Krishna filed the Second Amended Complaint on September 4, 2015. Mr. Hoekstra again filed a motion to dismiss for lack of personal jurisdiction. This time, the Court found that it possessed personal jurisdiction because the claims against Mr. Hoekstra involve conduct taken in Mr. Hoekstra's official corporate capacity for Asura, a Delaware corporation.

The procedural history of Mr. Oshidar's civil action is identical to Mr. Krishna's civil action. On December 23, 2014, Mr. Oshidar filed a Complaint against Asura for breach of its obligations under the Oshidar Note. Mr. Oshidar amended the Complaint on April 1, 2015 to include a fraud claim against Mr. Hoekstra. Mr. Hoekstra then filed a motion to dismiss, alleging that the Court lacked personal jurisdiction. The Court granted the motion, but allowed Mr. Oshidar to amend the Complaint to include information about Mr. Hoekstra's role as CEO of Asura. Mr. Oshidar filed the Second Amended Complaint on September 4, 2015.[2] Mr. Hoekstra again filed a motion to dismiss for lack of personal jurisdiction. This time, the Court found that it possessed personal jurisdiction because the claims against Mr. Hoekstra involve conduct taken in Mr. Hoekstra's official corporate capacity for Asura, a Delaware corporation.

On May 4, 2016, Mr. Hoekstra filed an Answer in both civil actions. On May 10, 2016, Mr. Hoekstra filed the Motions. The facts and legal arguments presented in the Motions are identical. On July 12, 2016, Mr. Krishna and Mr. Oshidar filed the Oppositions. Subsequent to the filing of the Oppositions, the Court granted the request of Mr. Oshidar's attorneys to withdraw from representation on November 18, 2016. The Court then gave Mr. Oshidar thirty (30) days to obtain another attorney or notify the Court that Mr. Oshidar intended to proceed *pro se*. On or about December 7, 2016, Mr. Oshidar responded to the Court. While more

_____

[2] The Court will collectively refer to Mr. Krishna' Second Amended Complaint and Mr. Oshidar's Second Amended Complaints at the "Amended Complaints."

clarification may be necessary, it appears that Mr. Oshidar does not intend to hire another attorney but may wish to engage in the discovery stages of these civil actions.

### III. PARTIES' CONTENTIONS

Mr. Hoekstra contends that the fraud claim is time-barred as outside the three-year statute of limitations. Mr. Hoekstra further contends that Mr. Oshidar and Mr. Krishna fail to state a claim upon which relief can be granted because the fraud claim is not pled with the requisite specificity.

Mr. Oshidar and Mr. Krishna contend that the fraud claim is not time-barred because the three-year statute of limitations was tolled until they discovered the fraud. Mr. Oshidar and Mr. Krishna further argue that the factual allegations pled in the Amended Complaints are sufficient to support a claim of fraud.

### IV. LEGAL STANDARD

A party may move for judgment on the pleadings pursuant to Civil Rule 12(c).[3] In determining a motion under Civil Rule 12(c) for judgment on the pleadings, the Court is required to view the facts pled and the inferences to be drawn from such facts in a light most favorable to the non-moving party.[4] The Court must take the well-pleaded facts alleged in the complaint as admitted.[5] When considering a motion under Civil Rule 12(c), the Court also assumes the truthfulness of all well-plead allegations of fact in the complaint.[6] The Court must, therefore,

---

[3] Civil Rule 12(c) provides:

*Motion for judgment on the pleadings.* -- After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Del. Super. Civ. R. 12(c).

[4] *See Desert Equities, Inc.*, 624 A.2d at 1205; *see also Warner Commc'ns, Inc.*, 583 A.2d at 965.

[5] *Id.*

[6] *See McMillan*, 768 A.2d at 500.

accord plaintiffs opposing a Rule 12(c) motion the same benefits as a plaintiff defending a motion under Civil Rule 12(b)(6).[7]  The Court may grant a motion for judgment on the pleadings only when no material issue of fact exists and the movant is entitled to judgment as a matter of law.[8]

## V.  DISCUSSION

### A.    MR. HOEKSTRA HAS NOT WAIVED THE DEFENSES ASSERTED IN THE MOTIONS.

As a threshold matter, Mr. Hoekstra has not waived the defense of failure to state a claim upon which relief may be granted.  Certain defenses, including a defense of lack of jurisdiction or improper venue, are waived if a defendant omits the defenses from an initial motion.[9] However, the defense of failure to state a claim can be raised even after an initial motion, including in any pleading permitted under Rule 7(a), in a motion for judgment on the pleadings, or at the trial on the merits.[10]  Here, while Mr. Hoekstra did not raise the failure to state a claim defense in the previous motions to dismiss, Mr. Hoekstra is still permitted to raise the defense in the Motions.

Similarly, Mr. Hoekstra has not waived the defense of statute of limitations.  The statute of limitations is an affirmative defense that is normally raised in an answer.[11]  Generally, if a defendant does not plead an affirmative defense, that defense is waived.[12]  A defendant seeking judgment on a statute of limitations defense usually does so by way of a motion for summary

---

[7] *Id.*
[8] *See Desert Equities, Inc.*, 624 A.2d at 1205; *Warner Commc'ns, Inc.*, 583 A.2d at 965.
[9] Del. Super. Civ. R. 12(h)(1).
[10] Del. Super. Civ. R. 12(g); 12(h)(2).
[11] Del. Super. Civ. R. 8(c).
[12] *Id.; see e.g., Abdi v. NVR, Inc.*, C.A. No. 04C-08-028, 2007 WL 2363675, at *2 (Del. Super. Aug. 17, 2007).

judgment or a motion for judgment on the pleadings.[13] Here, Mr. Hoekstra has properly raised the statute of limitations defense in the Answers and in the present Motions.

**B.** **THERE IS A QUESTION OF FACT AS TO WHEN THE FRAUD CLAIM ACCRUED, BUT THE CLAIM LIKELY FALLS OUTSIDE THE THREE-YEAR STATUTE OF LIMITATIONS.**

### i. *The record is not developed enough to grant the Motions as to whether the fraud claim falls outside the applicable statute of limitations.*

Under Delaware law, the limitations period for fraud claims is three years from the date when the action accrued.[14] Where, as here, a fraud claim sounds in tort, the cause of action accrues at the time of injury.[15]

Here, Mr. Hoekstra allegedly misrepresented that Asura was well-funded, could repay its debts, and had recently merged with a Japanese company. Based on the record, it is not entirely clear when the fraud claim accrued. The injury could have occurred at the time of the alleged misrepresentations, the date when Mr. Oshidar and Mr. Krishna executed the Oshidar Note or the Krishna Notes with Asura respectively, or the date when Asura defaulted on its obligations under the Krishna Notes or the Oshidar Note.[16]

In assessing the accrual date, Mr. Hoekstra argues that the fraud claim accrued at the time the allegedly fraudulent statements occurred. However, in arguing this, Mr. Hoekstra assumes that the fraud claim is a claim for fraudulent inducement.[17] In a case alleging fraudulent inducement, the claim accrues "when the fraudulent statements were made, which must be on or before the date when the parties entered the contract."[18] Mr. Oshidar and Mr. Krishna, however,

---

[13] *Winner Acceptance Corp. v. Return on Capital Corp.*, C.A. No. 3088, 2008 WL 5352063, at *14 (Del. Ch. Dec. 23, 2008).

[14] 10 *Del. C.* § 8106.

[15] *Winner*, 2008 WL 5352063, at *14.

[16] *See id.* (explaining that an injury, which stemmed from a defendant's alleged misrepresentations about the financial viability of a company, could occur at multiple points in time).

[17] *See* Def.'s. Mot. ¶¶ 3–4.

[18] *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, C.A. No. N15C-02-059, 2015 WL 11120934, at *4 (Del. Super. Dec. 29, 2015).

never characterize their fraud claim as one of fraudulent inducement. Therefore, at this stage in the litigation, is not obvious that the fraud claim accrued at the time asserted by Mr. Hoekstra.

Nevertheless, there is a strong argument that the fraud claim accrued when the misrepresentations were made, sometime before February 16, 2011. If Asura lacked sufficient funding to repay its debts, Mr. Oshidar and Mr. Krishna would have suffered injury at the time when Mr. Hoekstra made assurances to the contrary. Mr. Oshidar did not file his initial Complaint until September 18, 2014, and Mr. Krishna did not file his initial Complaint until December 23, 2014. Both of the Complaints were filed outside the three-year statute of limitations by more than seven months.

### ii. There is at least a reasonable inference that Mr. Oshidar and Mr. Krishna pleaded facts to toll the three-year statute of limitations.

Even if Mr. Oshidar and Mr. Krishna filed the Complaints outside the statute of limitations, a court may toll the statute of limitations in certain circumstances, including fraudulent concealment, inherently unknowable injury, and equitable tolling.[19] If one of the tolling exceptions apply, then the three-year statute of limitations begins to run when the plaintiff discovers "the facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discover of [of the injury]."[20]

The issue here is whether Mr. Oshidar and Mr. Krishna stated sufficient facts to toll the statute of limitations. When a complaint asserts a cause of action that is clearly outside the statute of limitations, the plaintiff bears the burden of pleading facts leading to a reasonable

---

[19] *Id.*
[20] *Id.* at *5.

8

inference that one of the tolling doctrines applies.[21]  A court must then conduct a three-part analysis to determine whether the claim is time-barred.[22]  From the pleadings, a court looks to determine: (1) the cause of action's accrual date, (2) whether the plaintiff has pleaded facts sufficient to create a reasonable inference that the limitations period has been tolled, and (3) "assuming a tolling exception has been pleaded adequately, when the plaintiff was on inquiry notice of a claim based on the allegations."[23]

As previously discussed, it is not clear from the face of the Amended Complaints that the statute of limitations expired on the fraud claim. However, the Court should still assess the Amended Complaints' fraud claim under the three-part test to determine whether Mr. Oshidar and Mr. Krishna have met their burdens.  First, the fraud claim likely accrued when Mr. Hoekstra allegedly made the misrepresentations. This occurred sometime before (i) February 16, 2011, the date the first Krishna Note was executed by Mr. Krishna, or (ii) February 18, 2011, the date when Mr. Oshidar executed the Oshidar Note.

Second, while the Amended Complaints do not expressly state that one of the tolling doctrines apply, the facts pleaded in the Amended Complaints give rise to a reasonable inference that the fraudulent concealment doctrine applies.[24] Under the doctrine of fraudulent concealment, the statute of limitations is tolled "if there was an affirmative act of concealment or some misrepresentation that was intended 'to put a plaintiff off the trail of inquiry until such time as

---

[21] *Palisades Collection, LLC v. Unifund CCR Partners*, C.A. No. N14C-09-036, 2015 WL 6693962, at *6 (Del. Super. Nov. 3, 2015) (quoting from *Winner*, 2008 WL 5352063, at *14).
[22] *Id.* (quoting from *Winner*, 2008 WL 5352063, at *14).
[23] *Id.* (quoting from *Winner*, 2008 WL 5352063, at *14).
[24] Because the discovery of  Mr. Hoekstra's alleged fraud was not a "practical impossibility," the inherently unknowable injury doctrine is likely inapplicable here. *In re Dean Witter P'ship. Litig.*, C.A. No. 14816, 1998 WL 442456, at *5 (Del. Ch. July 17, 1998). Similarly, because there is no allegation of any fiduciary relationship between Mr. Oshidar, Mr. Krishna, and Mr. Hoekstra, the equitable tolling doctrine is inapplicable here. *Id.* at *6.

the plaintiff is put on inquiry notice."[25]  Mere ignorance of the facts by a plaintiff, where there has been no act of concealment or misrepresentation, does not toll the statute of limitations.[26]

According to Mr. Oshidar and Mr. Krishna, Mr. Hoekstra actively misrepresented or concealed Asura's true financial standing, specifically through false claims that Asura had recently finalized a merger with a Japanese company.  The acts of misrepresentation include: (1) providing information concerning Asura's merger with a Japanese company, (2) providing Asura's quarterly and annual financial statements, which discussed the merger with the Japanese company (3) providing Asura's filings with the SEC, which discussed the merger with the Japanese company, and (4) providing information on the assets of the Japanese company, the ownership structure of Asura following the merger, and the consolidation of the Japanese company's finances with Asura.[27]  By providing documents related to the merger, including documents filed with the SEC that specifically discuss the merger and its completion, there is at least an inference that some misrepresentation occurred.  Because Mr. Hoekstra provided these documents, Mr. Oshidar and Mr. Krishna contend that they had no reason to suspect that the capital structure or organization of Asura was misrepresented.

Finally, Mr. Oshidar and Mr. Krishna consistently state that they did not discover the fraud committed by Mr. Hoekstra until Asura failed to remit payment when the principal became due.  This is the date that Mr. Oshidar and Mr. Krishna allege that they received inquiry notice of the fraud claim.  Based on the facts in the Amended Complaints, both Mr. Oshidar and Mr. Krishna were placed on inquiry notice, at the earliest, on February 16, 2012 — one year after the principal amount on Mr. Krishna's first Note became due and Asura defaulted.  The three-year statute of limitations would have begun to run on this date, and it would have expired three years

---

[25] *Winner*, 2008 WL 5352063, at *15.
[26] *In re Dean Witter*, 1998 WL 442456, at *5.
[27] Oshidar Compl. ¶¶ 6–7, ¶ 21, ¶¶ 32–35; Krishna Compl. ¶¶ 6–7, ¶ 16, ¶¶ 34–35; ¶¶ 39–41.

later on February 16, 2015.  Mr. Oshidar filed the Complaint on September 18, 2014. Mr. Krishna filed the Complaint on December 23, 2014. Even when assessing the statute of limitations from the earliest possible date of inquiry notice, the fraud claims fall within the statute of limitations.

In sum, it is not clear from the face of the Amended Complaints that the fraud claim falls outside the statute of limitations, as there is a question of fact as to when the claim accrued. However, if the statute of limitations expired, the Court could still find that the foregoing allegations of concealment and misrepresentation, in combination, create at least an inference that the statute of limitations was tolled.  The Court feels that, at present, Mr. Hoekstra makes the stronger argument.  Under the applicable standards of Civil Rule 12(c), however, the Court must view the facts pled and the inferences to be drawn from those facts in a light most favorable to Mr. Krishna and Mr. Oshidar.  The Court also notes that the parties have not yet engaged in any discovery.  Accordingly, at this stage of the proceedings, the Court does not hold that the Motions demonstrate cause for relief under Civil Rule 12.

## C.   THE AMENDED COMPLAINTS ASSERT MINIMAL BUT SUFFICIENT FACTS TO MAKE OUT FRAUD CLAIMS

Civil Rule 9 requires all allegations of fraud to be pleaded with particularity.[28]  In order to meet the particularity requirement, a complaint "must state the time, place, and contents of the alleged fraud, as well as the individual accused of committing the fraud."[29]  On the content requirement, the following elements must be pleaded to state a claim for fraud:  (1) a false representation, usually of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an

---

[28] Del. Super. Civ. R. 9(b).
[29] *Universal Capital Mgmt., Inc. v. Micco World, Inc.,* C.A. No. N10C-07-039, 2012 WL 1413598, at *2 (Del. Super. Feb. 1, 2012).

intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or action was taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance.[30]

Mr. Oshidar and Mr. Krishna sufficiently pleaded the time and place prongs of the heightened pleading standard. The Amended Complaints state that the alleged fraud or misrepresentation occurred during conversations between Mr. Krishna and Mr. Hoekstra during six separate meetings. The Complaints also state that Mr. Hoekstra, in his official capacity as CEO of Asura, committed the fraud.

The fraud claim is weakest on the content prong of the heightened pleading standard. The Amended Complaints provide little detail regarding what specific false representations were made. Despite the bare minimum facts provided in the Amended Complaints, the Court can still find that the fraud claim is sufficiently pleaded.[31]

The Amended Complaints briefly discuss the false representations made by Mr. Hoekstra about Asura's capital and debt structure, Asura's ability to repay its debts, and Asura's recent merger with a Japanese company.[32] According to the Amended Complaints, these representations were false because Asura did not merge with a Japanese company, the companies' finances had not been consolidated, and Asura did not have any rights to the assets of the Japanese company.[33] Additionally, the Amended Complaints allege that Mr. Hoekstra made a deliberate effort to induce Mr. Oshidar and Mr. Krishna to lend money to Asura by providing Asura's financial statements and filings with the SEC.[34] Mr. Oshidar and Mr. Krishna

---

[30] *Desert Equities, Inc.*, 624 A.2d at 1208.
[31] *See Universal Capital Mgmt., Inc.,* 2012 WL 1413598, at *2 (finding similar averments of fraud sufficient to survive a motion to dismiss for failure to state a claim).
[32] Oshidar Compl. ¶¶ 6–7; Krishna Compl. ¶¶ 6–7.
[33] Oshidar Compl. ¶ 21, ¶ 33; Krishna Compl. ¶¶ 34–35, ¶ 39.
[34] Oshidar Compl. ¶ 8–9, ¶¶ 33–34; ¶ 38; Krishna Compl. ¶ 34–35, ¶ 40.

allege that Asura's quarterly and annual statements as well as Asura's filings with the SEC all discussed the recent merger with the Japanese company.[35] Finally, the Amended Complaints assert that Mr. Oshidar and Mr. Krishna reasonably relied on numerous financial statements and filings as proof of Asura's sound financial structure, and, in doing so, suffered damages.[36]

Here, it is true that the Amended Complaints contain generalized information about Asura's financial condition and the alleged misrepresentations. However, the Amended Complaints also provide facts informing how the financial statements and SEC filings were false, mainly that the statements reported that a Japanese company had merged with Asura.[37] In interpreting the inferences to be drawn from the facts in the light most favorable to Mr. Oshidar and Mr. Krishna, the Court finds the facts to be minimal, but sufficient, to state claim for fraud.

## VI. CONCLUSION

At this stage in the litigation, the Court finds it would be premature to grant the Motions, especially considering the unresolved question of fact related to the accrual date of the statute of limitations. Accordingly, for the reasons set forth above, the Court will **DENY** (i) Defendant's Brian Hoekstra's Motions for Judgment on the Pleadings in C.A. No. N14C-12-227 EMD, and (ii) Defendant's Brian Hoekstra's Motions for Judgment on the Pleadings in C.A. No. N14C-09-169 EMD.

Dated: March 24, 2017
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

---

[35] Oshidar Compl. ¶ 8–9, ¶¶ 33–34; ¶ 38; Krishna Compl. ¶ 34–35, ¶ 40.
[36] Oshidar Compl. ¶¶ 41–42; Krishna Compl. ¶¶ 40–45.
[37] *See Kostyszyn v. Martuscelli*, C.A. No. N14C-08-010, 2015 WL 721291, at *5 (Del. Super. Feb. 18, 2015). (granting a motion to dismiss for failure to state a fraud claim where the plaintiff relied on only one financial statement without providing information on how the financial statement was false).